**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAC HOLDING LLC,[1] | Case No. 17-12226 (MFW) |
| Reorganized Debtor. | **Ref. Docket Nos. 264 & 267** |

**ORDER SUSTAINING REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO.
2222 FILED BY THE OHIO DEPARTMENT OF TAXATION PURSUANT TO
SECTION 502 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 3003 AND 3007**

Upon consideration of the objection [Docket No. 264] (the "<u>Objection</u>")[2] of the

Reorganized Debtor pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3003

and 3007; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue of

this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and that due

and adequate notice of the Objection having been given under the circumstances; and this Court

having considered the Objection, the Tripps Declaration, the Disputed Claim, and the *Ohio*

*Department of Taxation's Response and Memorandum in Opposition to Debtors' Objection to*

*Claim 2222* [Docket No. 267] (the "<u>Response</u>"); and after due deliberation and sufficient cause

appearing therefor, it is hereby

---

[1]     The Reorganized Debtor and the last four digits of its federal tax identification number are as follows: Mac
Holding LLC (6682).  The mailing address for the Reorganized Debtor is 1855 Blake St., Ste. 200, Denver, CO
80202.  The chapter 11 cases of certain affiliates of the Reorganized Debtor have been closed. *See* Case No.
17-12224 D.I. 602.

[2]     All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the
Objection.

ORDERED, ADJUDGED, AND DECREED that:

1.      The Objection is sustained as set forth herein.

2.      In full and final satisfaction and resolution of the Disputed Claim and the Response, the Claimant shall have an Allowed Priority Tax Claim in this chapter 11 case in the aggregate amount of $10,000, which Allowed Priority Tax Claim shall be satisfied pursuant to and as set forth in the Plan.

3.      Donlin, Recano & Company, Inc., the Reorganized Debtor's claims and noticing agent, shall update the claims register to reflect the relief granted in this Order.

4.      Nothing in the Objection or this Order, including the resolution of the Objection as to any particular claim that is the subject of the Objection, shall have any effect on any additional proceedings, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, that have been, or will be, commenced with respect to the proof of claim that is subject to the Objection.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: June 23rd, 2021**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**